930 P.2d 1352

**Sonia KAIAMA, Individually and as Special Administrator of the Estate of Jessica Pinto, Deceased, Plaintiff–Appellee,**

v.

**AIG HAWAI'I INSURANCE COMPANY, INC., a Hawai'i corporation, Defendant–Appellant,**

and

**John Does 1–10, John Doe Partnerships 1–10, John Doe Corporations 1–10, and John Doe Government Entities 1–10, Defendants.**

No. 16055.

Supreme Court of Hawai'i.

Jan. 29, 1997.

John Cregor, on the briefs, Honolulu, for defendant-appellant AIG Hawai'i Insurance Company.

Jan K. Apo, Michael K. Tateishi, Steve Noufer and Benjamin A. Pittenger (of Tateishi & Apo), on the briefs, Wailuku, for plaintiff-appellee Sonia Kaiama.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYMA and RAMIL, JJ.

MOON, Chief Justice.

Two-year old Jessica Pinto (Jessica) was killed in a single-vehicle accident while a passenger in a vehicle owned and operated by her grandfather, Roy Kaiama. Sonia Kaiama (Kaiama), Jessica's mother and special administrator of Jessica's estate, made a claim for underinsured motorist (UIM) benefits under a policy issued to Roy Kaiama by defendant-appellant AIG Hawai'i Insurance Company, Inc. (AIG). AIG denied UIM coverage on the ground that the policy definition of an "underinsured motor vehicle" excluded vehicles "[o]wned by or furnished or available for the regular use of you or any *family member*" (the family member exclusion). (Emphasis in original.) The circuit court invalidated the exclusion and granted summary judgment for Kaiama, thereby obligating AIG to provide UIM coverage under the policy.

On appeal, we hold that the family member exclusion is void as against public policy. Accordingly, we affirm the circuit court's orders granting summary judgment in favor of Kaiama and denying AIG's cross-motion for summary judgment and motion for reconsideration.

## I. FACTS

The parties stipulated that there were no genuine issues of material fact. At the time of the accident, Jessica was residing with her grandparents, Roy and Roselyn Kaiama. The couple had insured the vehicle involved in the accident, a 1975 Chevrolet pickup truck, along with a 1988 Toyota pickup truck, under a single automobile insurance policy

issued by AIG. The policy provided bodily injury liability coverage in the amount of $100,000 per person/$300,000 per occurrence and UIM coverage in the amount of $35,000 for each vehicle.

The UIM provision of the policy reads as follows:

We will pay damages which a *covered person* [1] is legally entitled to recover from the owner or operator of an *underinsured motor vehicle* because of bodily injury:

    1. Sustained by a *covered person;* and

    2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the *underinsured motor vehicle.*

We will pay under this coverage [UIM] only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements.

(Emphasis in original.) The policy defines an "underinsured motor vehicle" as

a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is not enough to pay the full amount the *"covered person"* is legally entitled to recover as damages.

(Emphasis in original.) As previously mentioned, the policy excludes from the definition of "underinsured motor vehicle" any vehicle "[o]wned by or furnished or available for the regular use of you or any *family member"* (the family member exclusion). (Emphasis in original.)

It is undisputed that Roy Kaiama's negligence was the legal cause of Jessica's death. Accordingly, AIG tendered the $100,000 poli-

cy limit for bodily injury liability coverage. In addition, Kaiama made a claim for $70,-000 [2] in UIM benefits under the policy as reasonable compensation for Jessica's death. AIG denied the UIM claim based on the family member exclusion.

Kaiama commenced a declaratory judgment action seeking a judicial determination regarding AIG's obligation to provide UIM coverage under the policy. Thereafter, Kaiama moved for summary judgment, principally contending that the family member exclusion to the policy's definition of an "underinsured motor vehicle" was void as against public policy.

AIG filed a cross-motion for summary judgment, arguing that, under *Kang v. State Farm Mutual Automobile Insurance Co.,* 72 Haw. 251, 815 P.2d 1020 (1991), Kaiama was not entitled to both liability and UIM benefits under a single policy. The circuit court determined that *Kang* did not control the issue before it, and issued an order granting Kaiama's summary judgment motion and denying AIG's cross-motion for summary judgment.

AIG moved for reconsideration of the circuit court's denial of its cross-motion for summary judgment, asserting that the Ninth Circuit's then-recent decision in *Kim v. State Farm Mutual Automobile Insurance Co.,* 952 F.2d 314 (9th Cir.1991), which denied recovery of both UIM and liability benefits under a single policy containing a similar family member exclusion, undermined the circuit court's summary judgment award in favor of Kaiama. The circuit court denied AIG's motion for reconsideration, and this timely appeal followed.

## II. *STANDARD OF REVIEW*

On appeal, an order of summary judgment is reviewed under the same standard ap-

---

1. The policy defines a "covered person" as, *inter alia,* the named insured and any family member of the named insured. "Family member" is defined in the policy as "a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child." It is undisputed that Jessica qualifies as a "family member" and therefore also as a "covered person" under the policy. Throughout this opinion, we use the term "covered family member" to describe generally the type of claimant at

issue—a family member covered under the policy of a named insured.

2. Kaiama's $70,000 UIM claim is the result of stacking the two $35,000 UIM benefit limits for each of the two pick-up trucks covered under the policy. Because the propriety of stacking insurance benefits is adequately established in *Allstate Insurance Co. v. Hirose,* 77 Hawai'i 362, 884 P.2d 1138 (1994), we do not address the issue here.

plied by the circuit court. Summary judgment is appropriate where the moving party demonstrates that there are no genuine issues of material fact and it is entitled to judgment as a matter of law.

*Barabin v. AIG Hawai'i Ins. Co., Inc.*, 82 Hawai'i 258, 260, 921 P.2d 732, 734 (1996) (citing *Harris v. DeSoto*, 80 Hawai'i 425, 431, 911 P.2d 60, 66 (1996)).

## III. *DISCUSSION*

According to the plain language of the policy, both of the pickup trucks fall within the family member exclusion and therefore do not constitute "underinsured motor vehicles" for purposes of UIM coverage. *See Hawaiian Ins. & Guar. Co. v. Financial Sec. Ins. Co.*, 72 Haw. 80, 87, 807 P.2d 1256, 1260 ("In the context of insurance coverage disputes, ... we shall construe policies according to their plain, ordinary, and accepted sense[.]"), *reconsideration denied*, 72 Haw. 616, 841 P.2d 1074 (1991). However, for the family member exclusion to be valid, it must comport with our case law and public policy. We thus turn to these considerations.

### A. *Kang is not controlling.*

AIG contends that our decision in *Kang* settles the issue presented here in its favor.[3] We disagree.

*Kang* was injured in a single-vehicle accident as an unrelated passenger in a vehicle insured under a policy that defined "underinsured motor vehicle" as "not includ[ing] a land motor vehicle ... insured under the liability coverage of this policy[.]" *Kang*, 72 Haw. at 252, 815 P.2d at 1021. Kang nonetheless asserted the right to recover UIM benefits under the policy. We held that Kang was not entitled to UIM benefits under the same policy from which she had collected liability benefits under the circumstances of that case.

In deciding *Kang*, we noted that Hawai'i's UIM statute does not *mandate* that a claim-

ant be entitled to a dual recovery of liability and UIM benefits under a single policy. We also observed that the stated legislative purpose behind the UIM statute was "that it be consistent with the overall intent of the no-fault law to provide speedy and adequate protection to persons injured in motor vehicle accidents at the least possible cost." *Id.* at 255, 815 P.2d at 1022 (quotation marks, emphasis, and citation omitted). Implicit in *Kang* was our recognition that UIM coverage is made available as a means for automobile insurance purchasers to protect themselves and their family members in the case of an injury caused by the driver of an underinsured vehicle. Furthermore, we acknowledged that allowing third party UIM recovery would essentially amount to the conversion of less expensive UIM coverage into more costly liability coverage, which would ultimately inflate UIM rates and undermine the statutory emphasis on providing optional coverage, such as UIM coverage, at the "least possible cost." In light of these public policy considerations, we upheld the exclusion denying recovery of the driver's UIM benefits to Kang.[4]

Our decision in *Kang*, however, does not control the disposition of the present case because of a crucial distinction—the status of the victim. Unlike Jessica, Kang was not a member of the named insured's family. We were thus not called upon in *Kang* to address the issue of precluding a covered family member from recovering both UIM and liability coverage under a single policy. We must therefore conduct a new inquiry to determine whether an insurer's attempt to deny dual recovery of both liability and UIM coverage under a single policy *to a covered family member* violates public policy.

### B. *The family member exclusion is void as against public policy.*

We thus turn to the dispositive question whether the family member exclusion vio-

---

3. AIG also contends that allowing dual recovery of both liability and UIM benefits under a single policy in this case would contradict the Ninth Circuit's decision in *Kim*. This consideration is irrelevant, inasmuch as "[state] courts are the final arbiters of the State's own law[.]" *Rana v. Bishop Ins. of Hawaii, Inc.*, 6 Haw.App. 1, 10, 713 P.2d 1363, 1369 (quoting *Wardius v. Oregon*,

412 U.S. 470, 477, 93 S.Ct. 2208, 2213, 37 L.Ed.2d 82 (1972)), *aff'd*, 68 Haw. 269, 713 P.2d 1363 (1985).

4. We note, however, that Kang was able to collect UIM benefits under her own policy.

lates public policy. We hold that it does, and, accordingly, is void.

In reaching this conclusion, we are persuaded in large part by the decision of the Supreme Court of Washington in *Tissell v. Liberty Mutual Insurance Co.*, 115 Wash.2d 107, 795 P.2d 126 (1990), which involved a virtually identical issue. Aida Tissell suffered fatal injuries resulting from her husband's negligent operation of the family car. Her guardian made a claim for UIM benefits under the family policy after receiving the policy's maximum liability benefits. The insurer denied UIM coverage, claiming that the policy excluded from the definition of "underinsured motor vehicle" any vehicle "[o]wned by or furnished or available for the regular use of you or any family member unless the covered person was neither operating nor occupying such vehicle at the time of the accident." *Id.*, 795 P.2d at 127. The *Tissell* Court held that the family member exclusion was void, carefully setting out the public policy rationale for its decision. *Id.* at 127–28. The Supreme Court of Washington recently reiterated the *Tissell* rationale in *Jain v. State Farm Mutual Automobile Insurance Co.*, 130 Wash.2d 688, 926 P.2d 923 (1996), and distinguished *Millers Casualty Insurance Co. of Texas v. Briggs*, 100 Wash.2d 1, 665 P.2d 891 (1983) [5], reasoning as follows:

> *Millers* . . . upheld the validity of clauses excluding the policyholder's car from the definition of underinsured vehicle. . . . However, the injured party in *Millers* was not a named insured as in *Tissell* but rather an unrelated passenger. This difference is critical.

The *Millers* court enunciated three reasons why the exclusion did not violate public policy in the context of an injured person who was neither the policyholder nor a family member but rather an unrelated passenger. The *Millers* court noted: (1) the injured had paid no premiums to the insurer and upholding the exclusion would not lead to a windfall for the insurance company; (2) unlike uninsured motorist

coverage, honoring the exclusion would not leave the injured completely without compensation as he already received liability benefits; and (3) assuming the injured has insurance of his own, he should be able to collect under his own UIM coverage.

> . . . [T]he first and third legs supporting the *Millers* decision are not met when the injured is a named insured family member. Indeed, a first party named insured, unlike an unrelated passenger, is deemed to have paid part of the premium. Further, under the third *Millers* factor, a named insured family member does not have her [or his] own insurance policy from which to obtain her [or his] own UIM coverage because she [or he] was in fact insured as a named insured under the policy in question, and the only source she [or he] has for UIM is under the policy[,] unlike the injured in *Millers* who, as an unrelated passenger, presumably had his own policy with UIM coverage.

> This result is consistent with the scope of UIM [coverage] to the extent UIM is meant to place the injured's insurance carrier in the shoes of the underinsured tortfeasor. When the injured is a third party "other insured," he [or she] has no UIM coverage with the driver's insurance company. Instead, his [or her] own carrier should step in. However, when the injured is a named insured, her [or his] carrier is obliged to step into the shoes of the insured driver to supplement the coverage.

926 P.2d at 926–27 (citation omitted). We are persuaded, as was the *Jain* Court, that exclusions that deny dual recovery of both liability and UIM coverage under a single policy *to a covered family member* offend notions of public policy because the family member will be left without any UIM coverage unless he or she has arranged for separate UIM coverage under a separate policy, a patently unreasonable requirement, particularly with regard to minors. Consequently, we follow the Supreme Court of Washington

---

5. We relied considerably on the Supreme Court of Washington's decision in *Millers* in rendering our decision in *Kang*. Consequently, the rationale set out by the court in *Tissell* and *Jain,* which

supports a different result from that reached in *Millers* when the claimant is a covered family member, is particularly compelling for our present purposes.

in declining to uphold any exclusion that permits insurers to deny UIM coverage to family members covered under the policy of a named insured in derogation of the clear legislative intent and public policy in favor of making such coverage available to all undercompensated victims of negligent drivers:

> The family [ ] exclusion clause strikes at the heart of [ ] public policy. This clause prevents a specific class of innocent victims, those persons related to and living with the negligent driver, from receiving financial protection under an insurance policy containing such a clause. In essence, this clause excludes from [UIM] protection an entire class of innocent victim for no good reason. . . . An exclusion which denies coverage when certain victims are injured is violative of public policy.

*Tissell,* 795 P.2d at 128–29 (Dore, J., en banc) (emphasis omitted) and at 133–34 (Callow, C.J., concurring) (quoting *Mutual of Enumclaw Ins. Co. v. Wiscomb,* 95 Wash.2d 373, 622 P.2d 1234 (1980), *adhered to on rehearing,* 97 Wash.2d 203, 643 P.2d 441 (1982)). Accordingly, we hold that the family member exclusion, which attempts to deny UIM coverage to a family member claimant injured by the negligence of another named insured, contravenes public policy and is therefore void.

## IV.  *CONCLUSION*

Based on the foregoing, we hold that, under the facts of this case, the family member exclusion is void as against public policy. Therefore, we affirm the circuit court's orders granting summary judgment in favor of Kaiama and denying AIG's cross-motion for summary judgment and motion for reconsideration.