992 P.2d 1142

Nellie T. TAYLOR, Plaintiff–Appellant,

v.

The TRAVELERS INDEMNITY COMPANY OF AMERICA, Defendant–Appellee.

No. 1 CA–CV 98–0445.

Court of Appeals of Arizona, Division 1, Department E.

July 6, 1999.

As Amended July 13 and Aug. 20, 1999.

Review Granted Feb. 8, 2000.

48

Jackson White Gardner Weech & Walker by Richard A. White, Eric K. Macdonald, Mesa, Attorneys for Plaintiff–Appellant.

Teilborg, Sanders & Parks, P.C. by John C. Gemmill, David E. Koval, Phoenix, Attorneys for Defendant–Appellee.

## OPINION

NOYES, Judge.

¶ 1 Plaintiff made a claim on her Underinsured Motorist ("UIM") coverage. Travelers denied the claim because it had already paid Plaintiff under the liability coverage of that policy. We hold that Plaintiff's UIM claim cannot be denied for that reason, and we limit *Preferred Risk Mutual Insurance Co. v. Tank*, 146 Ariz. 33, 703 P.2d 580 (App.1985), to cases in which the UIM claimant is making a claim on someone else's policy.

## I.

¶ 2 The material facts are undisputed. Plaintiff was riding in the family car with Mr. Taylor, her husband, when his negligent driving caused a collision that killed him and injured her and four people in the other vehicle. Plaintiff and her husband had a single limit liability policy with Travelers in the amount of $300,000, with UIM coverage in the same amount. Mr. Taylor was the "named insured" and Plaintiff was a "family member" insured on the policy. This policy was the only automobile insurance policy purchased by Plaintiff and her husband.

Plaintiff had no possible UIM coverage from any source other than this Travelers policy.

¶ 3 After the accident, Plaintiff and the four occupants of the other vehicle made liability claims on the policy. Travelers settled the claims by apportioning the $300,000 policy limits among the five claimants, with Plaintiff receiving $183,500, a payment that was far less than her total damages, for Plaintiff's injuries were permanent and her medical bills exceeded $265,000.

¶ 4 Because Plaintiff received less than her total damages, she made a claim on her UIM coverage. After Travelers denied the claim, Plaintiff filed this declaratory judgment action. The trial court granted summary judgment to Travelers, and Plaintiff appealed. Our jurisdiction of the appeal is pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 12–2101(B) (1994).

## II.

¶ 5 This case presents no issue of contract interpretation. The insurance contract clearly excluded UIM coverage for bodily injury sustained by any person who received any payment for such bodily injury under the liability coverage of the policy. The policy also provided that any amounts otherwise payable under the UIM coverage shall be reduced by all sums paid under the liability coverage.

¶ 6 This case involves competing public policy considerations. The trial court faithfully followed *Preferred Risk*, and Travelers mainly relies on the policy considerations stated in that case, which we discuss below. Plaintiff primarily relies on Arizona's public policy of providing UIM coverage for all who purchase it. *See* A.R.S. § 20–259.01(B) (Supp.1998) (requiring insurers to offer and include, at the insured's option, UIM coverage up to the limits of liability coverage in the policy).

¶ 7 It is well settled that the UIM statute, section 20–259.01, "does not permit the insurer to void the coverage by ... exceptions not permitted in the statute." *Brown v. State Farm Mut. Auto. Ins. Co.*, 163 Ariz. 323, 327, 788 P.2d 56, 60 (1989) (quoting *Higgins v. Fireman's Fund Ins. Co.*, 160 Ariz. 20, 23,

770 P.2d 324, 327 (1989)). We conclude that the exceptions invoked by Travelers in this case are not permitted by the UIM statute, which provides, in pertinent part, as follows:

G. "Underinsured motorist coverage" includes coverage for a person if the sum of the limits of liability under all bodily injury or death liability bonds and liability insurance policies applicable at the time of the accident is less than the total damages for bodily injury or death resulting from the accident. To the extent that the total damages exceed the total applicable liability limits, the underinsured motorist coverage provided in subsection B of this section is applicable to the difference.

H. Uninsured and underinsured motorist coverages are separate and distinct and apply to different accident situations. Underinsured motorist coverage shall not provide coverage for a claim against an uninsured motorist in addition to any applicable uninsured motorist coverage. If multiple policies or coverages purchased by one insured on different vehicles apply to an accident or claim, the insurer may limit the coverage so that only one policy or coverage, selected by the insured, shall be applicable to any one accident. If the policy does not contain a statement that informs the insured of the insured's right to select one policy or coverage as required by this subsection, within thirty days after the insurer receives notice of an accident, the insurer shall notify the insured in writing of the insured's right to select one policy or coverage. For the purposes of this subsection, "insurer" includes every insurer within a group of insurers under a common management.

¶ 8 We also conclude that Plaintiff's policy argument must prevail, even though it did not do so in *Preferred Risk*. Although the UIM claimants in *Preferred Risk* were family member insureds, we note that the court did not discuss that fact or the policy considerations that flow from it, and we also note that the court based its decision on cases in which the UIM claimants were guest passengers.

■ ¶ 9 In *Preferred Risk*, the driver's negligence resulted in claims on behalf of family member passengers. 146 Ariz. at 34,

703 P.2d at 581. The insurer paid policy limits on the liability claims and denied the UIM claims because the policy definition of "underinsured highway vehicle" excluded the insured vehicle. *See id.* at 34–35, 703 P.2d at 581–82. In affirming summary judgment for the insurer, we held that the passengers were not entitled to both liability and UIM coverage on the same policy because allowing both recoveries "would, in effect, transform underinsured motorist coverage into additional liability coverage for the named insured—a result we reject as contrary to the legislative intent." *Id.* at 35, 703 P.2d at 582. We agree with the primacy of that reasoning when the claimant is making a UIM claim on someone else's policy. But we conclude that competing public policy considerations become primary when the claimant is a named or family member insured making a claim on her own policy, for denial of that claim, in effect, would transform the claimant's UIM coverage into an illusion in that circumstance.

¶ 10 The *Preferred Risk* court noted that the issue before it was one of first impression in Arizona and that,

The three other state courts which have thus far discussed the issue presented in this appeal have all concluded that underinsured coverage may not be "stacked" so as to increase the liability coverage purchased by the named insured. *Millers Casualty Ins. Co. v. Briggs,* 100 Wash.2d 1, 665 P.2d 891 (1983); *Myers v. State Farm Mut. Auto. Ins. Co.,* 336 N.W.2d 288 (Minn.1983); *Hoffpauir v. State Farm Mut. Auto Ins. Co.,* 427 So.2d 560 (La.App. 1983).

*Id.* at 36, 703 P.2d at 583.

¶ 11 The cases relied on by *Preferred Risk,* however, all involved guest passengers demanding payment on both the liability and the UIM coverage of the driver's policy. To highlight our reasons for limiting *Preferred Risk* to such cases, we focus on *Millers* and a later case from that same court.

¶ 12 *Millers* held that guest passengers could not receive both liability and UIM coverage on the driver's policy. 665 P.2d at 895. After *Preferred Risk* was decided, however,

the court that decided *Millers* held that a UIM exclusion was void when applied to a claimant who was making a claim on her own UIM coverage. *See Tissell v. Liberty Mut. Ins. Co.*, 115 Wash.2d 107, 795 P.2d 126, 128 (1990).

¶ 13 The claimant in *Tissell* was a named insured who was riding in the family car when her husband negligently caused an accident that caused her serious injuries. 795 P.2d at 127. The insurer paid the liability limits and denied the UIM claim. *See id.* In rejecting the insurer's reliance on *Millers*, the *Tissell* court noted that neither passenger in *Millers* was a member of the insured's family, and that "[i]n *Millers,* the victims were not the purchasers of the UIM policy. Here, the victim is the purchaser of the UIM policy." *Id.* The same is true in this case, for it is undisputed that Plaintiff, as a family member insured, qualifies as a purchaser of the policy in question.

¶ 14 We find the *Tissell* court's analysis to be a good explanation for why *Preferred Risk* should not apply to an insured who is making a claim on her own UIM policy:

Where the victim is the purchaser of the UIM policy, however, the denial of UIM benefits will thwart the public policy in favor of full compensation. In those situations, the victim does not have any alternative source of UIM coverage. It is not reasonable to expect that any motorist will buy more than one UIM policy. Since such a victim's only source of UIM coverage is cut off by the liability coverage exclusion in his policy, the exclusion frustrates the Legislature's intent to provide UIM coverage to all potential victims.

In the present case, Tissell is the purchaser of the UIM policy claimed against. Unlike the victims in *Millers*, she could not have purchased UIM coverage elsewhere; this *is* her UIM policy. If the liability exclusion is asserted against her, it will deprive Tissell of all UIM coverage. That fact renders this policy exclusion invalid, because the Legislature has mandated that UIM protection be made available to all potential victims.

*Millers*, then, is a limited exception to the policy of full compensation for victims.

*Millers* stands only for the rule that a victim *who is not the insured* can be excluded from recovery against the UIM portion of a policy where he is compensated by that policy's liability coverage. This case, in contrast, demonstrates that such a liability coverage exclusion cannot be applied to bar UIM recovery by the purchaser of the policy in question.

*Tissell,* 795 P.2d at 128 (emphasis in original). *See also Jain v. State Farm Mut. Auto. Ins. Co.*, 130 Wash.2d 688, 926 P.2d 923, 926–27 (1996); *Kaiama v. AIG Hawaii Ins. Co.*, 84 Hawai'i 133, 930 P.2d 1352, 1355 (1997) (holding that family member was entitled to both liability and UIM coverages).

¶ 15 Arizona has frequently reiterated the policy that victims of negligent drivers are entitled to protect themselves with their own UIM coverage if they have opted to purchase it. *See, e.g., Brown*, 163 Ariz. at 327, 788 P.2d at 60; *State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 259, 963 P.2d 334, 338 (App.1998); *American States Ins. Co. v. C & G Contracting, Inc.*, 186 Ariz. 421, 425, 924 P.2d 111, 115 (App.1996). Plaintiff is the victim of a negligent driver, she opted to purchase UIM coverage, and she is therefore entitled to that protection.

¶ 16 Travelers also relies on *Duran v. Hartford Insurance Co.*, 160 Ariz. 223, 223, 772 P.2d 577, 577 (1989) ("*Duran*"), which we distinguish because that claimant was a guest passenger making a UIM claim on someone else's policy. The insured's grandchild was injured in the insured's car, which was negligently driven by a permissive user, who was an omnibus insured under the policy. *Id.* The insurer denied the grandchild's claim on her grandmother's policy and the supreme court affirmed summary judgment for the insurer; it concluded that "[n]othing in the underinsurance statute, A.R.S. § 20-259.01(C), (E), and (F), suggests any legislative intent to allow an injured passenger to 'stack' liability and UIM coverage so as to, in effect, increase the named insured's liability coverage." *Id.* at 224, 772 P.2d at 578. As we have stated, however, when an insured makes a UIM claim on her own policy, other public policy considerations become primary.

¶ 17 We hold that the exclusionary and offset provisions in the Travelers policy violate public policy when applied to a UIM claimant who is a named or family member insured under the policy in question. We limit *Preferred Risk* to cases in which the UIM claimant is making a claim on someone else's policy.

¶ 18 Reversed and remanded.

CONCURRING: NOEL FIDEL, Presiding Judge, and SHELDON H. WEISBERG, Judge.