[No. 21041–6–I. Division One. December 27, 1988.]

SHARON HOLZ, *Respondent*, v. NORTH PACIFIC INSURANCE Co., *Appellant*.

*Richard L. Gemson,* for appellant.

*Mary Kay Becker* and *Brett & Daugert,* for respondent.

SCHOLFIELD, C.J.—North Pacific Insurance Co. (North Pacific) appeals from the trial court's decision that an exclusionary clause in a policy issued by North Pacific to plaintiff Holz was, as applied to Holz, in violation of public policy and RCW 48.22.030. We reverse.

### FACTS

North Pacific issued a personal auto policy to insured, Gary Holz, for the policy period October 16, 1984, through April 16, 1985, with $60,000 liability coverage, $10,000 personal injury protection coverage, and $60,000 underinsured motorist coverage. The one policy listed a 1973 Chevrolet with a camper, a 1976 Datsun, and a 1973 Dodge Coronet. All three vehicles had the same liability, personal injury protection, and underinsured motorist policy limits.

On March 10, 1985, the insured, Sharon Holz, and her daughter, Christine, were passengers in the 1976 Datsun operated by Sharon's son, Brian. Brian became distracted and permitted the vehicle to leave the road, strike a utility pole, and land in a ditch.

All three occupants of the car sustained injuries, with Sharon Holz sustaining the most serious injuries. North Pacific settled the liability claim of Christine Holz for $4,000 and the claim of Sharon Holz for $56,000 under the full limits of the liability coverage of the North Pacific policy.

On July 24, 1986, after completion of the settlements under the liability section of the policy, Sharon Holz presented a claim and demand for arbitration under the underinsured motorist coverage of the North Pacific policy. The claim was denied by North Pacific, citing the fact that Sharon's 1976 Datsun did not fall within the following policy definition of an underinsured motor vehicle:

However, underinsured motor vehicle does not include any vehicle:
1. To which the Liability Coverage of this policy applies.
2. Owned by or furnished or available for the regular use of you or any family member, unless the covered person was neither operating nor occupying such vehicle at the time of the accident.

On June 1, 1987, Sharon Holz filed a complaint for a declaratory judgment seeking to have the court determine that the underinsured motorist coverage of the North Pacific policy was applicable and that North Pacific be ordered to submit to arbitration to determine the appropriate amount of damages payable. Both sides moved for judgment on the pleadings. The court ruled that the underinsured motorist coverage in the North Pacific policy was applicable on the grounds that the exclusionary clause relative to a covered auto was "in violation of public policy and RCW 48.22.030."

This appeal timely followed.

### Underinsured Motorist Coverage

North Pacific contends that the policy on its face, as well as applicable statutes and case law, precludes the insured, as a passenger in her own automobile, to which liability coverage applies, from obtaining both liability policy coverage and underinsured motorist coverage.

Pursuant to RCW 48.22.030, insurers are required to offer underinsured motorist coverage, although their clients may choose not to purchase it. RCW 48.22.030(4); *Millers Cas. Ins. Co. v. Briggs*, 100 Wn.2d 1, 3–4, 665 P.2d 891 (1983). An underinsured vehicle is a vehicle with respect to

which the sum of liability limits "applicable to a covered person after an accident is less than the applicable damages which the covered person is legally entitled to recover." RCW 48.22.030(1). The statute requires that

> [n]o new policy or renewal of an existing policy insuring against loss resulting from liability imposed by law for bodily injury, death, or property damage, suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be issued with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles . . .

RCW 48.22.030(2). This coverage, like uninsured motorist coverage, is a first party coverage that individuals may purchase to protect themselves against other drivers. *Millers Cas. Ins. Co. v. Briggs, supra* at 4.

Limitations in insurance contracts which are contrary to public policy or statute will not be enforced; however, insurers may otherwise limit their contractual liability. Generally, a contract which is not prohibited by statute, condemned by judicial decision, or contrary to the public morals contravenes no principle of public policy. *Bates v. State Farm Mut. Auto. Ins. Co.*, 43 Wn. App. 720, 719 P.2d 171 (1986) (citing *State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 481, 687 P.2d 1139 (1984)), *review denied,* 106 Wn.2d 1014. While the underinsured motorist statute reflects a policy of providing compensation to the victim of an automobile accident, the purpose of this statute is to allow

> an injured party to recover those damages which the injured party would have received had the responsible party been insured with liability limits as broad as the injured party's statutorily mandated underinsured motorist coverage limits.

*Bates v. State Farm Mut. Auto. Ins. Co., supra* at 725 (quoting *Britton v. Safeco Ins. Co. of Am.,* 104 Wn.2d 518, 531, 707 P.2d 125 (1985)). Thus, the intent underlying the

statute is to compensate an injured person at least to the limits of his underinsured motorist coverage, if any. *Bates v. State Farm Mut. Auto. Ins. Co., supra* at 725.

All of Holz' arguments are answered by the clear language of the North Pacific policy provision which excludes the insured vehicle from the definition of an underinsured vehicle. That provision does not violate public policy or the underinsured motorist statute. *Millers Cas. Ins. Co. v. Briggs, supra.*

■ In *Millers,* a permissive driver was involved in a single–car accident in which one passenger was killed and another seriously injured. The insurance policy, issued by Millers, stated that an

> "underinsured motor vehicle" shall not include . . .
> . . .
> (4) an automobile or trailer to which the liability coverage of this policy applies.

*Millers Cas. Ins. Co. v. Briggs, supra* at 3. The passengers recovered up to the limits of the policy's liability coverage then sought additional coverage under the underinsured motor vehicle portion of the policy. The trial court ordered Millers to pay the additional coverage. The Supreme Court reversed, holding that the exclusion of the insured automobile from the definition of an underinsured vehicle was valid. In denying recovery under the underinsured motorist provision of the policy, the court stated that the statute contemplates the involvement of two vehicles: the underinsured vehicle of the tortfeasor and the vehicle, occupied by the claimant, affording first party underinsured coverage. *Millers Cas. Ins. Co. v. Briggs, supra* at 4–6.

The court in *Millers* also based its holding on common sense and the consuming public's general understanding of coverage under these circumstances.

> The owner of a vehicle purchases liability insurance to, among other things, protect passengers in the vehicle from his, or another driver's, negligent driving. He purchases underinsured motorist coverage to protect himself and others from damages caused by another vehicle

which is underinsured. An insured wishing to avoid personal liability, and protect his passengers, may simply increase the liability insurance. The result of dual recovery in the instant case would transform underinsured motorist coverage into liability insurance. This result would cause insurance companies to charge substantially more for underinsured motorist coverage in order to match the cost of that coverage with the presently more expensive liability coverage. This increase in cost would discourage consumers from purchasing underinsured coverage, an important protection presently available for a minimal cost.

*Millers Cas. Ins. Co. v. Briggs, supra* at 8.

Holz argues that because she contracted with North Pacific for liability coverage and underinsured motorist coverage on each of her three automobiles, she has in reality three separate policies, even though the vehicles were covered in the same policy document. Therefore, although she received liability coverage under the car involved in the accident, she contends she is now entitled to collect underinsured motorist coverage provided by one of her other two automobile policies. She argues this result fulfills the law's policy of fully compensating victims and prevents a windfall to the insurance company who received premiums for underinsured motorist coverage on three separate vehicles.

Holz also argues that providing underinsured motorist coverage in this case is consistent with the view in *Millers* that underinsured motorist coverage contemplates two separate vehicles—the underinsured vehicle of the tortfeasor and the vehicle affording first party underinsured coverage. Holz claims that although this was a single–car accident, two separate vehicles are involved: the Datsun involved in the accident, which is the underinsured vehicle, and one of the two other cars owned by the Holzes with respect to which underinsured motorist coverage is issued. In addition, Holz argues that if coverage is denied, then she is being penalized for driving with her son instead of as a guest in someone else's car, in which case she could have

recovered, under her own policy, $60,000 of underinsured motorist coverage.

As previously indicated, none of these theoretical arguments can save Holz from the fact that the vehicle in which she was riding is not an underinsured vehicle, and therefore, no underinsured coverage is available to her.

The accident in the present case cannot be compared to a hypothetical accident where Holz is riding in an unowned automobile because in the hypothetical situation there is not the limitation on the underinsured motorist coverage that exists in this case.

The fact that three automobiles were insured instead of one makes no difference because only one insured vehicle was involved in the subject accident, and all questions must be resolved by applying the policy provisions to that vehicle.

If Holz wishes greater protection while riding as a passenger in her own car, she should increase her liability insurance. Underinsured motorist insurance is purchased to protect oneself from other drivers whose liability insurance purchasing decisions are beyond one's control. Underinsured motorist coverage is not meant as insurance in case a person underinsures his own vehicle. The policy language makes that clear. To construe it as such would have the practical effect of transforming less expensive underinsured motorist coverage into liability insurance.

Accordingly, we conclude that the trial court erred in finding that Holz was entitled to underinsured motorist coverage under her policy with North Pacific.

The trial court's decision is therefore reversed.

SWANSON and WILLIAMS, JJ., concur.

Review pending by Supreme Court November 1, 1989.