Sheila WINDHAM, Administratrix of the Estate of Toni R. Potter, Deceased, Appellant,

v.

Tyra D. CUNNINGHAM and PAFCO General Insurance Company, Appellees.

No. 93–CA–002439–MR.

Court of Appeals of Kentucky.

March 31, 1995.

Discretionary Review Denied by Supreme Court Aug. 16, 1995.

Kelly Thompson, Jr., Bowling Green, for appellant.

Timothy L. Edelen, Bowling Green, for appellees.

Before COMBS, GARDNER and HOWERTON, JJ.

GARDNER, Judge:

Appellant, Sheila Windham (Windham), appeals from a summary judgment entered in Warren Circuit Court declaring that she is not entitled to uninsured or underinsured coverage, to stack liability coverage, or to prejudgment interest on her liability claim under a policy of automobile insurance issued by appellee, PAFCO General Insurance Company (PAFCO). After a thorough review of the record and the applicable law, we affirm.

Windham's decedent, Toni Potter (Potter), owned two vehicles insured by PAFCO, which policy of insurance included underinsured motorist (UIM) coverage. On March 5, 1992, Potter was a passenger in one of these vehicles, which was being driven with her permission by Tyra Cunningham (Cunningham). While Cunningham was driving, the two were involved in a single-car accident, in which Potter was fatally injured. Windham was appointed Potter's representative and brought the action below to determine whether Potter's estate was entitled to stack the uninsured and underinsured coverage in the PAFCO policy. Appellees argue that before Windham can be allowed to stack

those coverages, she must prove she is entitled to either; Appellees contend she is not.

KRS 304.20–020(1) requires all automobile insurance policies sold within this Commonwealth to include uninsured motorist (UM) coverage "[f]or the protection of persons insured thereunder who are legally entitled to recover damages from **owners or operators of uninsured motor vehicles** because of bodily injury, sickness or disease, including death, resulting therefrom; . . .", subject to three exceptions. (emphasis added). Those exceptions, which are found under subsection (2) of KRS 304.20–020, apply to insured motor vehicles only: (a) when the insurer is or becomes insolvent; (b) when the insurance limits are less than those required by the Motor Vehicles Reparation Act (MVRA); and (c) when the liability coverage is denied by the insurer.

■ Windham would not be entitled to claim uninsured benefits unless her vehicle fell under one of the three exceptions, because the language of subsection (1) limits recovery of UM benefits to damages caused by "owners or operators of uninsured motor vehicles." KRS 304.20–020. The vehicle Cunningham was driving was obviously not uninsured, and the fact that Cunningham herself was an uninsured driver has no relevance if the vehicle she was driving was insured. Alternatively, it can well be reasoned that Cunningham was an insured operator under Potter's insurance policy, by way of the permissive use doctrine. Further, none of the three exceptions listed in KRS 304.20–020(2) are applicable here. PAFCO is not insolvent; the liability limits were those specified by the MVRA, and liability coverage has not been denied. Accordingly, Windham is not entitled to UM benefits.

■ In addition, the terms of the insurance policy define an "uninsured motor vehicle" as a vehicle "[t]o which no bodily injury liability bond applies at the time of the accident", and excludes from uninsured coverage those vehicles "[o]wned by or furnished or available for the regular use" of the insured.

These exclusions are not void against the public policy as set forth in the MVRA, and as expounded upon by the appellate courts of this state. Windham continually argues that these exclusions are void due to the holdings in *Hamilton v. Allstate Insurance Co.*, Ky., 789 S.W.2d 751 (1990), and *Chaffin v. Kentucky Farm Bureau Ins. Co.*, Ky., 789 S.W.2d 754 (1990). Both of these cases deal with anti-stacking clauses in insurance policies, not with clauses excluding uninsured coverage in single-car accidents. Windham ignores the fact that before she can stack the coverage, she must prove that she is entitled to them. Under the facts in this case, she is not entitled to uninsured coverage.

Turning to Windham's claim for UIM benefits, this Court notes that KRS 304.39–320(1) defines an "underinsured motorist" as "a party with motor vehicle liability insurance coverage in an amount less than a judgment recovered against that party for damages on account of injury due to a motor vehicle accident." Although the statute does not so specifically state, a rational interpretation of this definition would be that the legislature intended to provide additional protection to a victim where the underinsured party was a separate individual, and not the victim herself. Further, KRS 304.39–320(2) defines "underinsured motorist coverage" as "uncompensated damages on account of injury due to a motor vehicle accident because the judgment recovered against the owner of the other vehicle exceeds the liability policy limits thereon." (emphasis added).

■ Even if this were not the case, the policy itself specifically states that the " 'underinsured motor vehicle' does not include any vehicle or equipment . . . owned by or furnished or available for the regular use of you or any family member." The vehicle in which Potter was riding at the time of the accident was one that was available for her regular use, thus falling into the exclusion.

Windham argues that this exclusion is void as against public policy, without specifically citing to any expression of such public policy. Windham merely states that she had a "rea-

sonable expectation" of UIM coverage when she purchased the policy. The cases cited by Windham are factually distinguishable, and do not address the issue at hand, which is whether UIM coverage is available in this situation at all.

■ Courts in other jurisdictions have addressed the issue currently before this Court, regarding the validity of a clause excluding from UIM coverage a vehicle owned by the insured or a family member. *See generally Sullivan v. State Farm Mut. Auto. Ins. Co.,* 513 So.2d 992 (Ala.1987); *Breaux v. Government Employees Ins. Co.,* 369 So.2d 1335 (La.1979); *Freundlich v. Holyoke Mut. Ins. Co. in Salem,* 411 Mass. 1002, 582 N.E.2d 503 (1991); *Thommen v. Illinois Farmers Ins. Co.,* 437 N.W.2d 651 (Minn.1989); *Wolgemuth v. Harleysville Mut. Ins. Co.,* 370 Pa.Super. 51, 535 A.2d 1145 (1988); and *Alexander v. State Auto. Mut. Ins. Co.,* 187 W.Va. 72, 415 S.E.2d 618 (1992). The courts in all of these cases held that the insurance contract provision clearly excluded recovery of underinsured benefits by the passengers from the drivers' UIM coverage, and that the exclusions did not violate those states' statutes or public policy. It is a generally held rule that clear provisions in insurance contracts will be upheld if not violative of public policy or statute. *Wolgemuth v. Harleysville Mut. Ins. Co.,* 535 A.2d at 1150; *Alexander v. State Auto. Mut. Ins. Co.,* 415 S.E.2d at 624–25. The courts in all of the above-cited cases found that the motor vehicle statutes contemplated one insurance policy under which the injured passenger could recover liability insurance and a second policy under which the claimant is either an insured or covered person and can recover UIM benefits.

■ Allowing recovery of underinsured benefits in such cases would convert first party UIM coverage into third-party liability coverage. *Myers v. State Farm Mut. Auto. Ins. Co.,* 336 N.W.2d 288 (Minn.1983); *Wolgemuth v. Harleysville Mut. Ins. Co.,* 535 A.2d at 1150; *Holz v. North Pacific Ins. Co.,* 53 Wash.App. 62, 765 P.2d 1306, 1309 (1988).

The purpose of UIM coverage is not to compensate the insured or his additional insureds from his own failure to purchase sufficient liability insurance. *Myers v. State Farm Mut. Auto. Ins. Co.,* 336 N.W.2d at 291; *Holz v. North Pacific Ins. Co.,* 765 P.2d at 1310.

Further, the doctrine of reasonable expectations and the cases expounding on the theory are not applicable to the instant case. The provisions of PAFCO's policy are clear. There has been no showing that Potter would have had any expectation that she would be able to recover UIM benefits if she were injured in her own vehicle, in a single-car accident. The reasonable expectation of the average person who purchases UIM coverage is that she will be entitled to UIM benefits if she is struck by another driver whose liability limits are not sufficient to satisfy her damages. To adopt the view propounded by Windham simply stretches the purpose and scope of underinsured coverage beyond the bounds of reason or common sense.

■ Although Windham's brief does not specifically raise the issue of whether she is entitled to stack the liability coverage for the two vehicles, we feel it is necessary to address this issue briefly to prevent any confusion. The Kentucky Supreme Court has stated unequivocally that, because liability coverage is not personal, but runs with the vehicle, an injured party may not stack liability coverage. *See Butler v. Robinette,* Ky., 614 S.W.2d 944, 947 (1981).

■ Finally, Windham argues that she is entitled to pre-judgment interest on the liability limits previously paid by PAFCO, alleging that PAFCO unreasonably delayed the tender of those limits. This accident occurred in March 1992, and the policy liability limits were tendered in October 1992. Given that there were two other passengers injured in this vehicle, and the liability limit per accident was $50,000, we do not believe that a delay of about seven months was unreasonable. PAFCO had to be given an opportunity to investigate the accident and determine whether the other passengers

would file claims under the policy. As such, Windham is not entitled to prejudgment interest.

For the foregoing reasons, the summary judgment of the Warren Circuit Court is affirmed.

All concur.