**Betty BAXTER, as the Administratrix of the Estate of Robert Brucebaxter, Deceased, Appellant,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, Appellee.**

**No. 1999–CA–001896–MR.**

Court of Appeals of Kentucky.

June 16, 2001.

Discretionary Review Denied and Opinion Published
May 16, 2001.

William B. Hoffman, Paul A. Casi, II, Louisville, KY, Brief for Appellant.

Marvin L. Coan, Louisville, KY Brief for Appellee.

Before BARBER, DYCHE, and GUIDUGLI, Judges.

*OPINION*

DYCHE, Judge.

Betty Baxter (Baxter) appeals from an order of the Bullitt Circuit Court granting Safeco Insurance Company of America's motion for summary judgment. For the reasons stated herein, we affirm.

Robert Bruce Baxter, while riding his motorcycle, was killed in a motor vehicle accident with an automobile. A claim was settled against the third party for $25,000, exhausting her liability insurance coverage. Additionally, Baxter settled claims with two other insurance carriers under the Underinsured Motorist (UIM) provisions of those policies. The carrier from which Bruce had purchased liability insurance for his motorcycle paid $25,000, and the carrier which had insured Bruce's pick-up truck paid $100,000.

At the time of his death, Bruce was a resident in his parents' household. His parents had purchased two insurance policies from Safeco, insuring their 1985 Dodge Colt, their 1994 Lincoln, and their 1984 Dodge pick-up truck. These policies contained $100,000 in UIM coverage for each vehicle. Based on the definitions in the policies, Bruce was both a family member and an "insured" under the policies. However, the Safeco policies specifically excluded from UIM coverage any bodily injury sustained by an insured while occupying or operating an owned motorcycle or moped. Pursuant to this exclusion, Safeco denied coverage when a claim was filed by

Bruce's parents under these policies. Baxter filed for a declaratory judgment, and both parties filed motions for summary judgment. The Bullitt Circuit Court concluded that the motorcycle exclusion was valid and not contrary to Kentucky's Motor Vehicle Reparations Act (MVRA) and granted Safeco's motion for summary judgment. This appeal followed.

Baxter claims that the motorcycle exclusion in the Safeco policy is not in accord with the MVRA, which excludes mopeds but does not exclude motorcycles from its definition of motor vehicles. Kentucky Revised Statutes (KRS) 304.39–320, the UIM statute, states in pertinent part as follows:

> (1) As used in this section, "underinsured motorist" means a party with motor vehicle liability insurance coverage in an amount less than a judgment recovered against that party for damages on account of injury due to a motor vehicle accident.
>
> (2) Every insurer shall make available upon request to its insureds underinsured motorist coverage, *whereby subject to the terms and conditions of such coverage not inconsistent with this section* the insurance company agrees to pay its own insured for such uncompensated damages as he may recover on account of injury due to a motor vehicle accident because the judgment recovered against the owner of the other vehicle exceeds the liability policy limits thereon, to the extent of the underinsurance policy limits on the vehicle of the party recovering.

(Emphasis added.)

In this case, the term and condition at issue is the exclusion from underinsured coverage of any bodily injury sustained by an insured while occupying or operating an owned motorcycle or moped. Baxter argues that because motorcycles are included within the definition of motor vehicles in the MVRA, insurance carriers may not, consistent with the Act, fail to pay underinsured benefits when an insured is injured while operating a motorcycle, so long as underinsured coverage has been requested by the policyholder. Baxter dismisses the distinction between "operating a motorcycle" and "operating an owned motorcycle" as a distinction without a difference. We cannot agree, and we find that the exclusion here turns not on the definition of a motor vehicle, but the consequence and definition of ownership.

Kentucky courts have previously upheld insurance policy provisions excluding from underinsured coverage motor vehicles owned by or available for the regular use of the policyholder or any family member. *Motorists Mutual Ins. Co. v. Glass*, Ky., 996 S.W.2d 437 (1997); *Windham v. Cunningham*, Ky.App., 902 S.W.2d 838 (1995). The reasoning behind these decisions rests in the purpose of the statute—"to give the insured the right to purchase additional liability coverage for the vehicle of a prospective underinsured tortfeasor." *Motorists Mutual*, 996 S.W.2d at 449. *Motorists Mutual* upheld as not against public policy the exclusion from the definition of an underinsured vehicle any vehicle "owned by or furnished or available for the regular use of you or any family member." *Id.* at 449–450.

Similar exclusions are present in the policy at issue here. In the Underinsured Motorists Coverage portion of the policy, part C of the insuring agreement states that an " **'underinsured motor vehicle'** does not include any vehicle or equipment . . . [o]wned by or furnished or available for the regular use of you or any **family member** . . . ." In the Exclusions portion of the policy, Safeco states that it does "not provide Underinsured Motorists Coverage for **bodily injury** sustained by any **insured**

... [w]hile occupying or operating an owned motorcycle or moped." The policy does not, as Baxter asserts, only provide coverage for injuries arising out of automobile accidents. The exclusion of an owned motorcycle from underinsured coverage is just as valid as the exclusion of an owned automobile.

In *Allstate Ins. Co. v. Dicke*, Ky., 862 S.W.2d 327 (1993), the Supreme Court interpreted the phrase "... subject to the terms and conditions of such coverage not inconsistent with this section ..." in KRS 304.39–320(2). It stated that "[a] prohibition ... which results in elimination of one of the items of coverage purchased by the insured is manifestly inconsistent with the statute and beyond the permissible scope of any right to set terms and conditions." *Id.* at 329. With the validation of the exclusion from underinsured coverage of a vehicle owned or available to the insured in *Motorists Mutual, supra*, it follows that since a motorcycle is included in the definition of motor vehicle in the MVRA, the exclusion of an owned motorcycle from underinsured coverage likewise is not inconsistent with the statute.

As previously noted, underinsured coverage is purchased to cover the possibility of encountering an underinsured tortfeasor. Bruce had done so, given the fact that he had purchased insurance coverage, including underinsured coverage, for both his motorcycle and his pick-up truck. Unfortunately, it seems apparent that the coverage he purchased was insufficient to cover the claimed amount of damages. The insured has the greatest degree of control over the amount of insurance he obtains. It seems manifestly unfair to now require an insurance carrier that did not write the policy for the motorcycle, has not written policies for motorcycles in Kentucky for twenty years, and with no apparent knowledge that its insured—Bruce's parents—had a family member living with them who did own a motorcycle to now be held accountable for damages it in no way could have foreseen.

We note with interest the following passage from our Supreme Court in *Preferred Risk Mutual Ins. Co. v. Oliver*, Ky., 551 S.W.2d 574, 577 (1977):

It is common knowledge that motorcycle riders, as a class, are among the highest risk groups conceivable. Motorcycles offer no protection whatsoever from the front, back, sides or top, and leave the rider exposed to every peril of highway travel. The exclusion of such a class from coverage is clearly reasonable where, as here, the assured has the option of avoiding the excluded peril. An assured has no choice in selecting those uninsured motorists who may injure him, but he certainly does elect to ride a motorcycle. This volitional act triggers the exclusion and he accepts the consequences.

While the Court was there dealing with an uninsured motorist, the same logic applies to an underinsured motorist. That Bruce's own underinsured coverage was inadequate is yet one other tragic but unavoidable reality.

Although summary judgment is to be cautiously applied, it is axiomatic that it is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Service Center*, Ky., 807 S.W.2d 476 (1991); Ky. R. Civ. Proc. (CR) 56.03.

The judgment of the Bullitt Circuit Court is affirmed.

All Concur.